UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: OnStar Contract Litigation        Case No. 2:07-MDL-01867

Honorable Sean F. Cox

_____/

**OPINION & ORDER
GRANTING ONSTAR CORPORATION'S
MOTION TO COMPEL ARBITRATION AND DISMISS CERTAIN CLAIMS**

This matter is currently before the Court on Defendant OnStar Corporation's Motion to Compel Arbitration and Dismiss Certain Claims. (Docket Entry No. 118). In this motion, OnStar Corporation ("OnStar") asks the Court to compel named plaintiffs Betty and Melvin Rubertt to pursue their pre-paid minutes claims (asserted in Counts I-A, VI, and VII of the Second Master Amended Class Action Complaint) in arbitration and dismiss those claims from this action. The parties have briefed the issues and the Court heard oral argument on September 24, 2009. For the reasons set forth above, the Court shall GRANT the motion and order the Rubertts to arbitrate their claims against OnStar regarding lost pre-paid minutes.

BACKGROUND

Plaintiffs filed their "Master Amended Class Action Complaint" (hereinafter "the MAC") on February 25, 2008, asserting claims against the following five defendants: 1) General Motors Corporation ("GM"); 2) Volkswagen Group of America ("VW"); 3) American Honda Motor Company ("Honda"); 4) Subaru of America ("Subaru"); and 5) OnStar. The MAC contains the following five counts: "Violations of the Michigan Consumer Protection Act" (Count I), asserted against all five Defendants (MAC at 43); "Violation of All States' Consumer Protection Acts"

1

(Count II), asserted against all five Defendants (MAC at 45); "Breach of Express Warranty" (Count III), asserted against the Manufacturer Defendants (MAC at 52); "Breach of Implied Warranties" (Count IV), asserted against the Manufacturer Defendants (MAC at 53); and "Violation of The Magnuson-Moss Warranty Act" (Count V), asserted against the Manufacturer Defendants (MAC at 54).  Thus, all five counts were asserted against GM, VW, Honda and Subaru while only Counts I and II (i.e., consumer protection act claims) were asserted against OnStar.

In response to the MAC, the Defendants filed Motions to Dismiss, challenging the various counts in the MAC.  On February 19, 2009, this Court issued an "Opinion & Order Granting In Part And Denying In Part Defendants' Motions To Dismiss."  (Docket Entry No. 100).

Following those rulings, on March 2, 2009, Plaintiffs filed "Plaintiffs' Motion for Leave to File Second Master Amended Class Action Complaint."  (Docket Entry No. 102).  In that motion, Plaintiffs stated, among other things, that the proposed amended complaint "includes Betty and Melvin Rubertt, to serve as representatives of the class of consumers who lost prepaid minutes because of the cessation of analog service."  (Docket Entry No. 102 at 1-2).  Although the MAC contained some allegations relating to pre-paid minutes, there was no count asserting a claim against OnStar for lost pre-paid minutes.  Indeed, Plaintiffs' Motion to Amend noted that the MAC did not include any named plaintiffs who could pursue a claim for lost pre-paid minutes.  (*Id.*).

Onstar opposed Plaintiffs' Motion to Amend.  OnStar's brief stated that it "opposes Plaintiffs' Motion to the extent it seeks to assert a claim against Onstar relating to alleged lost

prepaid minutes," because asserting such claims in this forum would be futile because claims regarding lost prepaid minutes are subject to an arbitration provision contained in the Terms and Conditions between Onstar and its customers, and therefore should not be asserted in this Court." (OnStar's Br. at 1).

In response, Plaintiffs asserted that "OnStar presumes that because the Terms and Conditions contain a clause regarding arbitration of claims, that, at this stage of the litigation, it will automatically prevail on a future motion to compel arbitration of the lost prepaid minutes claim, thus making any amendment to the Complaint futile." (Pls.' Reply at 2). Plaintiffs claimed that a motion to compel arbitration would be challenged by Plaintiffs on the following grounds: 1) Onstar has waived any right to arbitrate those claims by its actions in litigating this case (Pls.' Reply at 3-5); and 2) the arbitration provision is invalid and unenforceable (Pls.' Reply at 6-7).

After considering the parties arguments, this Court concluded that OnStar had not established that the proposed amendments would necessarily be futile and granted Plaintiffs leave to file their Second Master Amended Class Action Complaint. In doing so, this Court expressly noted that it was expressing no opinion as to whether Plaintiffs would prevail on their stated grounds for challenging a future motion to compel brought by OnStar. (Docket Entry No. 109 at 4 n.1)

Plaintiffs filed their "Second Master Amended Class Action Complaint" ("SMAC") on April 30, 2009. (Docket Entry No. 113). The SMAC refers to GM, Honda, Subaru and VW collectively as "the Manufacturer Defendants." The SMAC contains the following counts: "Plaintiffs and The Classes v. All Defendants Violations of the Michigan Consumer Protection

Act" (Count I); "Plaintiffs and the Classes v. OnStar Violation of the Michigan Consumer Protection Act Lost Prepaid Minutes" (Count I-A); "Plaintiffs and the Classes v. All Defendants Unfair and Deceptive Trade Practices In Violation of All States' Consumer Protection Acts" (Count II); "Plaintiffs and the Classes v. All Manufacturer Defendants Breach of Express Warranty" (Count III); "Plaintiffs and the Classes v. All Manufacturer Defendants Breach of Implied Warranties" (Count IV); "Plaintiffs and the Classes v. All Manufacturer Defendants Violation of the Magnuson-Moss Warranty Act" (Count V); "Breach of Contract Damages for Lost Prepaid Minutes" (Count VI); "Unjust Enrichment Damages for Lost Prepaid Minutes" (Count VII).

The only counts that are at issue in the pending motion are those claims asserted against OnStar that are based on lost pre-paid minutes, Counts I-A, VI and VII.

The SMAC alleges that Betty and Melvin Rubertts purchased a new 2004 Subaru Outback on March 21, 2004, and that the Rubertts' vehicle came equipped with OnStar telematics equipment. (SMAC ¶ 181). The SMAC further alleges the following facts regarding the Rubertts' and their purchase of prepaid minutes:

> 183. From the time of purchase until about December 31, 2007, the Rubertts were OnStar subscribers.
>
> 184. As OnStar subscribers, the Rubertts would from time to time purchase prepaid minutes from OnStar.
>
> 185. On December 12, 2007, the Rubertts purchased 30 Prepaid Minutes for the sum of $17.62. OnStar charged the purchase to the Rubertts' credit card.
>
> 186. On or about January 1, 2008, the Rubertts' OnStar analog service and equipment ceased to function. At the time, the Rubertts had 34 Prepaid Minutes remaining in their account.
>
> 187. Since January 1, 2008 the Rubertts have been unable to upgrade or repair

>   their analog OnStar equipment.
>
> 188. At no time prior to January 1, 2008 did OnStar notify the Rubertts that they would lose any Prepaid Minutes that were not used prior to their analog Onstar service and equipment ceasing to function.
>
> 189. The Rubertts have asked OnStar to reimburse them for the cost of their unused Prepaid Minutes, but OnStar has failed and refused to do so.

(SMAC at ¶¶ 183-89). The Rubertts are the only named plaintiffs in the SMAC that are asserting claims based on pre-paid minutes. (9/24/09 Hearing Tr.).

On May 27, 2009, OnStar filed its Motion to Compel Arbitration and Dismiss Certain Claims.[1] In this motion, OnStar asks the Court to dismiss the claims against OnStar in the SMAC that are based upon pre-paid minutes (Counts I-A, VI and VII) and compel the Rubertts to arbitrate those claims. OnStar's opening brief anticipated that Plaintiffs would oppose the motion on the grounds previously raised by Plaintiffs during the briefing of their motion seeking leave to file an amended complaint: 1) that OnStar waived its right to arbitrate; and 2) that the arbitration provision is unenforceable.

In response to OnStar's motion, Plaintiffs asserted that OnStar waived its right to arbitration. They did not challenge the arbitration provision as unenforceable. In addition to waiver, Plaintiffs assert that the 2007 Terms and Conditions were never properly incorporated into the parties' agreement and that the Motion to Compel should be denied as "premature." (Docket Entry No. 138).

---

[1] On May 29, 2009, OnStar filed its Answer and Affirmative Defenses to the SMAC. OnStar's Affirmatives Defenses include that Plaintiffs' prepaid minutes claims are subject to arbitration. (Docket Entry No. 117).

ANALYSIS

A.    <u>Does A Binding Agreement To Arbitrate Exist?</u>

In its motion, OnStar asserts that for the entire time that the Rubertts were subscribers to OnStar service, the relationship between OnStar and the Rubertts was governed by the written Term and Conditions of OnStar Service.  OnStar claims that the relevant Terms and Conditions regarding the Rubertts' pre-paid minute claims are the 2007 Terms and Conditions, presumably because the Rubertts claim they purchased their pre-paid minutes in 2007.  The 2007 Terms and Conditions provide that arbitration, or small claims court, will be used to resolve any dispute and that the Federal Arbitration Act applies.  (Docket Entry No. 118-3 at 15).

In response, Plaintiffs assert that OnStar cannot show that the 2007 Terms and Conditions apply to the Rubertts.  Plaintiffs assert that the 2002 Terms and Conditions apply to the Rubertts:

> Upon purchasing their vehicle, *Plaintiffs received a document setting forth the terms and conditions for the use of the OnStar service as of June 2002.*  (See Exhibit A, June, 2002 GT&C.)  Defendant offers no evidence or argument as to how or when Plaintiffs ever agreed to be bound by the terms of *any other* document(s).

(Pls.' Response at 1) (emphasis added).  Plaintiffs proceed to argue that there is no evidence that Plaintiffs agreed to bound by the new Terms and Conditions that went into effect in 2007, and that the Terms of the July 2007 Terms and Conditions were never properly incorporated into the parties' agreement.  Plaintiffs also assert that the motion should be denied because it is "premature," given that there has been no discovery as to which version of the Terms and Conditions apply to the Rubertts.

In its Reply, OnStar asserts that Plaintiffs' arguments regarding which version of the

Terms and Conditions governs go nowhere because arbitration is required regardless of whether the 2002 or 2007 version governs. OnStar explains that "even the version of the Terms and Conditions which Plaintiffs concede they received, dated June 2002, has a provision that disputes between the parties relating to the agreement will be subject to arbitration." (Reply at 1). OnStar further states: "Indeed, every version of the Terms and Conditions (1) addresses the purchase of prepaid calling minutes, and, most importantly, (2) contains an arbitration provision. Accordingly, Plaintiffs' argument that there is some need for clarification or discovery on this issue is without merit, as every potentially applicable version of the Terms and Conditions would require the Court to order the prepaid calling minutes claim to arbitration." (Reply at 2).

Having considered these arguments, the Court concludes that the Rubertts prepaid minutes claims are subject to an agreement to arbitrate. Plaintiffs acknowledge that the 2002 Terms and Conditions were received by the Rubertts and acknowledge that they agreed to be bound by those terms. The 2002 Terms and Conditions require arbitration. Thus, there is no need for discovery because even if the 2002 Terms and Conditions apply, arbitration of the pre-paid minutes claims is required.

B.      Has OnStar Waived Its Right To Arbitrate Pre-paid Minutes Claims?

Aside from the above arguments regarding which version of the Terms and Conditions applies to the Rubertts, the only other defense to arbitration asserted by Plaintiffs is waiver.

"Contractual arbitration provisions are treated like other contractual provisions and such agreements are enforced, unless the parties waive their right." *Gordon v. Dadante*, 2008 WL 4372951 (6th Cir. 2008). "A party may explicitly waive its right to arbitration, or may waive its right by failing to assert it or by participating in litigation to such an extent that its actions are

'**completely inconsistent** with any reliance' on this right **and** cause the opposing party to suffer prejudice." *Id.* (quoting *Gen. Star Nat'l Ins. Co. v. Administration Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002)) (emphasis added). The Sixth Circuit has stated that a waiver of the right to arbitration is "not to be lightly inferred" and that the "strong presumption in favor of arbitration works against finding waiver in cases other than those with the most compelling fact patterns." *Gen. Star Nat'l Ins. Co., supra; JPD, Inc. V. Chronimed Holdings, Inc.,* 539 F.3d 388, 393 (6th Cir. 2008).

Plaintiffs assert that OnStar has "forfeited any right to defend this matter in an arbitral forum by virtue of: (1) its lengthy delay in raising the issue; and (2) its extensive and voluntary involvement in the judicial process." (Pls. Response at 7). Plaintiffs claim that they will suffer "considerable prejudice" if they are required to arbitrate the claims based upon the prepaid minutes, but have not articulated precisely how they would be prejudiced, other than to suggest that Plaintiffs would be prejudiced because some limited discovery has been taken in this action and is not "typically" available in arbitration.

OnStar, on the other hand, asserts that it has done nothing inconsistent with its right to seek arbitration of the pre-paid minutes claims. It states that "while there are vague references" in the MAC to a potential claim, it is clear that no named Plaintiff in the MAC asserted any facts that would support their ability to individually assert" a claim based on lost pre-paid minutes. OnStar notes that in Plaintiffs' Motion to Amend, they acknowledged that they were adding the Rubertts to serve as representatives of the class of consumers who lost pre-paid minutes because of the cessation of analog service since the MAC did not contain any named Plaintiffs who could assert such a claim. OnStar asserts that, "[i]n short, it was not until the filing of the Second

8

Master Amended Class Action Complaint that there was a Plaintiff involved in the lawsuit whom OnStar could seek to compel arbitration. A court can only compel arbitration of a claim actually asserted by a party before it, not an inchoate claim that no particular person is asserting. Accordingly, OnStar could not have 'waived' a right to compel arbitration with respect to a pre-paid minute claim when the right did not even arise until the filing of the most recent Amended Complaint.  Plaintiffs' claim of waiver therefore fails."  (OnStar's Brief at 7-8).

OnStar further asserts that there has been no prejudice to Plaintiffs even if there had been a delay by OnStar in pursuing arbitration.

The Court agrees that OnStar has not waived it right to arbitration with respect to claims for lost pre-paid minutes.  Although the MAC included some vague references to pre-paid minutes, it did not include any claims that were based on the loss of such pre-paid minutes. Moreover, no named plaintiffs in the MAC alleged that they purchased such pre-paid minutes or that they lost such pre-paid minutes due to the conversion to digital service.  Thus, because no named Plaintiff asserted such a claim in the MAC, OnStar could not have asked the Court to compel any named plaintiff to arbitrate such a claim.

It was not until Plaintiffs sought to file an amended complaint that OnStar was aware that claims were being asserted based on lost pre-paid minutes.  Notably, OnStar filed a brief opposing the filing of an amended complaint, asserting that amendment would be futile because such claims must be arbitrated.  Thus, OnStar asserted its right to arbitrate lost pre-paid minute claims at its first real opportunity to do so.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that OnStar's Motion to Compel

9

Arbitration and Dismiss Certain Claims is GRANTED.  The Court hereby COMPELS named plaintiffs Betty and Melvin Rubertt to pursue their pre-paid minutes claims (asserted in Counts I-A, VI, and VII of the Second Master Amended Class Action Complaint) in arbitration and hereby DISMISSES those claims from this action.

    IT IS SO ORDERED.

                            S/Sean F. Cox
                            Sean F. Cox
                            United States District Judge

Dated:  October 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2009, by electronic and/or ordinary mail.

                            S/Jennifer Hernandez
                            Case Manager