UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ONSTAR CONTRACT LITIGATION,

                              CASE NO. 2:07-md-01867
        Plaintiffs,     JUDGE SEAN F. COX
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

GENERAL MOTORS CORPORATION,
ONSTAR CORPORATION,
VOLKSWAGEN OF AMERICA, INC.,
AMERICAN HONDA MOTOR COMPANY, INC.
& SUBARU OF AMERICA, INC.,

        Defendants,

_____/

**OPINION AND ORDER DEEMING RESOLVED IN PART and GRANTING IN PART PLAINTIFF'S SEALED SEPTEMBER 1, 2009 MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT ONSTAR (Doc. Ent. 147)**

**A.    Background**

On January 25, 2008, Judge Cox entered Case Management Order No. 1, which in part provides that "[o]nly certification-related discovery may be served or conducted prior to the Court's ruling on Plaintiffs' class certification motion(s)." Doc. Ent. 44 at 9. Attached to that order was a class certification discovery schedule. Doc. Ent. 44 at 19. On February 11, 2008, Judge Cox denied without prejudice all currently pending motions to certify class. Doc. Ent. 45. *See also* Doc. Entries 7 & 38.[1]

---

[1] The second master amended class action complaint in this case was filed on April 30, 2009. Doc. Ent. 113. There are more than thirty named plaintiffs. Doc. Ent. 113 ¶¶ 9-36. Defendants are General Motors, Volkswagen, Honda, Subaru and Onstar. Doc. Ent. 113 ¶¶ 37-41. Plaintiffs allege (I) violations of the Michigan Consumer Protection Act (¶¶ 201-210); (II) unfair and deceptive trade practices in violation of all states' Consumer Protection Acts (¶¶ 211-213); (III) breach of express warranty (¶¶ 214-224); (IV) breach of implied warranties (¶¶ 225-234); (V) violation of the

On June 12, 2009, Judge Cox entered an stipulated order setting the deadline for fact discovery regarding class certification for August 28, 2009. Doc. Ent. 127. He later entered a stipulated order extending that deadline to October 9, 2009. Doc. Ent. 149.

**B.     Plaintiffs' Motion to Compel**

Currently before the Court is plaintiff's sealed September 1, 2009 motion to compel production of documents from defendant OnStar. Doc. Ent. 147. Plaintiffs seek responses to their March 2, 2009 requests for production of documents Nos. 11, 12, 13, 14, 28 and 31. Doc. Ent. 147 ¶ 8. Plaintiffs "request entry of an Order Compelling OnStar to forthwith Produce Documents responsive to the Requests for Production, along with a properly-completed privilege log, without objection." Doc. Ent. 147 at 5. In their brief, plaintiffs argue that (a) OnStar should "produce documents which are responsive to Plaintiffs' discovery requests[;]" (b) OnStar should not "be allowed to redact portions of otherwise relevant and producible documents, without asserting any privilege as to the redacted portions[;]" and (c) OnStar should not "be allowed to refuse to certify that its document production is complete[.]" Doc. Ent. 147 at 9.

Defendant OnStar filed a response on September 28, 2009, in which it claims that "the only remaining issue relates to Request for Production No. 11[.]" Doc. Ent. 153 at 1. OnStar contends that "because the Court specifically bifurcated merits from class discovery, OnStar has not produced documents that refer or relate to disclosures or notices it 'considered sending.'" Doc. Ent. 153 at 1-2.

---

Magnuson-Moss Warranty Act (¶¶ 235-239); (VI) breach of contract (¶¶ 240-244); and (VII) unjust enrichment (¶¶ 245-250).
    Defendants Volkswagen, General Motors and OnStar filed answers on May 27, 2009. Doc. Entries 115 & 117. On May 29, 2009, defendants Honda and Subaru filed answers. Doc. Entries 120 & 122.

On October 15, 2009, plaintiffs filed a reply, wherein they represent that "OnStar has still failed to certify that its document production is complete or to produce documents involving OnStar's internal discussions about what to tell customers concerning the potential loss of analog service and the failure of their OnStar units." Doc. Ent. 159 at 5.

Judge Cox has referred this motion to me for hearing and determination. Doc. Ent. 148. On the date set for hearing,[2] attorneys David H. Fink and Michael P. Cooney appeared before me. During oral argument, plaintiffs' counsel relied upon Fed. R. Civ. P. 26(g)(1)(A). Defense counsel cited *Borba v. Thomas*, 70 Cal.App.3d 144 (1977)[3] and *Holder v. Home Sav. & Loan Ass'n of Los Angeles*, 267 Cal.App.2d 91 (Oct. 31, 1968).[4]

**C.  Analysis**

**1.**  Fed. R. Civ. P. 26(g)(1)(A) provides in part that "[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as fo the time it is made[.]" Fed. R. Civ. P. 26(g) has been used in conjunction with requests for production of documents. *See*, *i.e.*, *Peek v. Golden Nugget Hotel & Casino*, No. 1995 WL 309197 (Nev. May

---

[2] A hearing on this motion was originally noticed for October 5, 2009, and was later renoticed for October 9, 2009. Doc. Entries 151 & 155. However, on October 8, 2009, the hearing was renoticed for October 19, 2009. Doc. Ent. 158.

[3]In *Borba*, appellants argued that "even if respondent's alleged statement regarding price approval was not an actionable misrepresentation, Thomas is still liable for nondisclosure to Borba of material facts: the mechanics of price approval by the Bureau." *Borba*, 70 Cal.App.3d at 154. The court concluded that "paragraph 9 by its terms effectively suggested to Borba the mechanics of Bureau approval. Additionally, the details of price approval were within easy reach of Borba; he had only to make inquiry with the Bureau. Thus, Thomas was under no duty to disclose any information to Borba." *Id*.

[4]"[I]t cannot be said that Home failed to use due diligence in making use of available information at the time it made it estimates in 1959." *Holder*, 267 Cal.App.2d at 106.

19, 1995) (affirming district court's dismissal of plaintiff's claim, where district court noted a "[d]irect violation of Fed. R. Civ. P. 26(g) by falsely indicating "not applicable" in response to Golden Nugget's request for production No. 2, which sought documents relating to Peek's involvement in prior or subsequent personal injuries and personal injury litigation, where subsequent investigation revealed two personal injury actions brought by Peek against two Atlantic City hotel/casinos."); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 195 (C.D. Cal. 2006) ("If defendant Garber contends he has provided plaintiff with all documents responsive to a particular discovery request, he shall submit a declaration similar to a Rule 26(g) verification addressing each specific request [with which] he contends he has complied[.]").

Upon consideration, plaintiff's motion is granted to the extent it seeks certification that defendant OnStar's production is complete. Doc. Ent. 147 at 5 ¶ 10. Within one week from the date of this order, counsel for defendant OnStar shall provide plaintiffs' counsel with a letter certifying that it has produced all located documents and it has fulfilled its obligation under the Federal Rules of Civil Procedure, particularly Fed. R. Civ. P. 26(g) ("Signing Disclosures and Discovery Requests, Responses, and Objections.") and Fed. R. Civ. P. 34. Plaintiffs' counsel has leave to contact chambers to request a telephone conference if the language of defense counsel's letter does not satisfy plaintiffs' concern.

**2.**     Request for Production No. 11 seeks "all documents that refer or relate to any disclosure or notice, or the type or nature of any disclosure or notice, You or any other Defendant sent or considered sending to OnStar subscribers, owners and/or lessees of Your vehicles in which OnStar was installed that refer or relate to the cessation of analog OnStar Service and/or the Rule Change." After registering objections, defendants General Motors and OnStar agreed "to

4

produce examples of disclosures or notices provided to or made available to vehicle owners regarding the analog to digital transition, the FCC decision, or the analog sunset date." Doc. Ent. 147-3 at 10-11.

Upon consideration, plaintiffs' motion is granted to the extent it seeks a further response to Request for Production No. 11. Defendant OnStar shall, within forty-five (45) days, permit plaintiffs to inspect and copy documents responsive to Request for Production No. 11. Plaintiffs' counsel has established the relevance of the information sought by this request, and defendant OnStar has failed to persuade the Court that responding to this request would be overly burdensome.

**D.     Order**

Accordingly, plaintiff's sealed September 1, 2009 motion to compel production of documents from defendant OnStar (Doc. Ent. 147) is DEEMED RESOLVED IN PART and GRANTED IN PART.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                          s/Paul J. Komives
                                          PAUL J. KOMIVES
Dated: 10/20/09                    UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 20, 2009.
>
>                                     s/Eddrey Butts
>                                     Case Manager