UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD S. MORRIS, et al.,

                                CASE NO. 2:07-md-01867
        Plaintiffs,         JUDGE SEAN F. COX
                                MAGISTRATE JUDGE PAUL J. KOMIVES

v.

GENERAL MOTORS CORPORATION,
ONSTAR CORPORATION,
VOLKSWAGEN OF AMERICA, INC.,
AMERICAN HONDA MOTOR COMPANY, INC.
& SUBARU OF AMERICA, INC.,

        Defendants,

_____/

## OPINION AND ORDER DENYING
## PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. Ent. 197) OF THE COURT'S
## NOVEMBER 25, 2009 ORDER (Doc. Ent. 180)

**A.    The Second Master Amended Class Action Complaint**

The second master amended class action complaint in this case was filed on April 30, 2009. Doc. Ent. 113. There are more than thirty named plaintiffs. Doc. Ent. 113 ¶¶ 9-36. Defendants are General Motors, Volkswagen, Honda, Subaru and Onstar. Doc. Ent. 113 ¶¶ 37-41. Plaintiffs allege (I) violations of the Michigan Consumer Protection Act (¶¶ 201-210); (II) unfair and deceptive trade practices in violation of all states' Consumer Protection Acts (¶¶ 211-213); (III) breach of express warranty (¶¶ 214-224); (IV) breach of implied warranties (¶¶ 225-234); (V) violation of the Magnuson-Moss Warranty Act (¶¶ 235-239); (VI) breach of contract (¶¶ 240-244); and (VII) unjust enrichment (¶¶ 245-250).

Defendants Volkswagen, General Motors and OnStar filed answers on May 27, 2009. Doc. Entries 115 & 117. On May 29, 2009, defendants Honda and Subaru filed answers. Doc. Entries 120 & 122.

**B.      Plaintiffs' October 5, 2009 Motion to Compel**

On October 5, 2009, defendant Volkswagen filed a motion to compel. Doc. Ent. 157. Pursuant to Fed. R. Civ. P. 37, defendant Volkswagen sought an order compelling plaintiffs to (1) "comply with the disclosures required by Rule 26(a)(1) as to the identity and contact information for all unnamed putative class members know to Plaintiffs, and all documents regarding unnamed putative class members[,]" and (2) "search for and produce documents responsive prior document requests and also to the duces tecum requests accompanying the deposition notices of Plaintiffs Robert Reishman, Robert Schatz and Mark Vamos." Doc. Ent. 157 at 1. Additionally, defendant Volkswagen sought an award of costs and attorney fees. Doc. Ent. 157 at 2.

**C.      My November 25, 2009 Order**

On November 25, 2009, I entered an order granting in part, deeming resolved in part and denying in part defendant Volkswagen's motion to compel. Doc. Ent. 180. First, I concluded that defendant Volkswagen was seeking discoverable information, noting that under the relevant case law, no attorney-client privilege is established prior to the class certification. *Hall v. State Farm Mut. Auto. Ins. Co.*, 215 Fed.Appx. 423, 427 (6th Cir. 2007) ("We thus conclude that if faced with the question now before us, the Michigan Supreme Court would find that unnamed putative class members are not technically parties to an action prior to class certification and that, as a consequence, Hall was not a true party at the time that Djeljevic filed suit."). I stated

that any contact by defendant Volkswagen with the known putative class members, if not done by way of deposition, must be done with prior notice given to plaintiffs' counsel, in which case counsel for the parties should agree on the language of a notification to be given tot he person to be contacted before contact is made. Also, plaintiffs were to (1) disclose the identity of all known putative class members as of the date of this order, and (2) produce all documents in their possession, custody or control regarding known but unnamed putative class members that they may use in support of their claims and defenses. I reminded the parties of the continuing duty to supplement a Rule 26(a) disclosure, Fed. R. Civ. P. 26(f), and stated that counsel were free to seek further discovery on this issue after applying to Judge Cox to extend the discovery period. Doc. Ent. 180 at 4-6.

Second, based upon the parties' agreement, my order noted that on or before December 15, 2009, plaintiffs' counsel would verify in writing that they have confirmed that plaintiffs Reishman, Schatz and Vamos have completed a reasonable search of their electronic mail accounts for documents responsive to Defendants' Request to Produce No. 13 and the notices of taking duces tecum deposition and that they have not located any responsive documents. Doc. Ent. 180 at 6-7.

Third, I denied defendant Volkswagen's request for an award of costs and attorney fees. Doc. Ent. 180 at 7.

**D.     Plaintiffs' December 10, 2009 Motion for Reconsideration**[1]

---

[1] On December 2, 2009, Judge Cox entered an order regarding objections to my discovery orders in this case. Doc. Ent. 182. Specifically, Judge Cox stated that "before the Court substantively reviews any party's objections to a discovery order issued by the Magistrate Judge assigned to this matter, the objections should first be presented to the Magistrate Judge in the form of a motion for reconsideration."

3

Plaintiffs have filed a motion for reconsideration of my November 25, 2009 order "directing the Plaintiffs to (1) disclose the identity of all known putative class members, and (2) produce all documents in their possession, custody or control regarding known but unnamed putative class members that they may use in support of their claims and defenses." Doc. Ent. 197 at 1.[2]

On February 8, 2010, Judge Cox referred the motion for reconsideration to me for hearing and determination. Doc. Ent. 220.[3]

**E.  Applicable Law**

**1.  E.D. Mich. LR 7.1(g)(3)**

Motions for rehearing or reconsideration are governed by E.D. Mich. LR 7.1(g), which provides:

> (1) Time. A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.
>
> (2) No Response and No Hearing Allowed. No response to the motion and no oral argument are permitted unless the court orders otherwise.
>
> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

---

[2]Although plaintiffs have requested oral argument on their motion for reconsideration (Doc. Ent. 197 at 1), this request is denied. E.D. Mich. LR 7.1(e)(1) ("Oral hearings on motions for rehearing or reconsideration . . . will not be held unless ordered by the assigned judge."); E.D. Mich. 7.1(g)(2).

[3]A hearing on this motion was noticed for March 10, 2010 (Doc. Entries 221 and 222); however, the hearing was cancelled (Doc. Ent. 223).

E.D. Mich. LR 7.1(g). *See also Raub v. Correctional Medical Services, Inc.*, No. 06-13942, 2008 WL 474124, 1 (E.D. Mich. Feb. 15, 2008) (quoting E.D. Mich. LR 7.1(g)(3)).

**2.     Fed. R. Civ. P. 59(e)**

Motions to alter or amend a judgment are governed by Fed. R. Civ. P. 59(e), which provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**F.     Analysis**

**1.     Plaintiffs' E.D. Mich. LR 7.1(g)(3) Motion for Reconsideration is Denied.**

Plaintiffs argue that "[t]he Court was misled in coming to its decision as a result of palpable defects under [E.D. Mich. LR] 7.1(g)(3) and should reconsider its opinion in favor of finding that the plaintiffs are not required to produce information and documentation pertaining to known unnamed putative class members." Doc. Ent. 197 at 8-15. According to plaintiffs, there were three "significant palpable defects." Doc. Ent. 197 at 8.

> First, the Court failed to take into account unambiguous case law that demonstrates that the documents/information sought by Defendant came into the possession of class counsel within the scope of the attorney-client privilege.
>
> Second, the Court misapplied the facts and holding of *Hall v. State Farm Mut. Auto. Ins. Co.*, 215 Fed.Appx. 423 (6th Cir. 2007), in coming to its conclusion.
>
> Third, the Court failed to take into account the damaging effect its November 25, 2009 opinion has on the scope of Fed. R. Civ. P. 26.

Doc. Ent. 197 at 8-9. More specifically, plaintiffs state:

> 1.    Communications and Documentation pertaining to the Class Members in Question are Subject to the Attorney-Client Privilege Because Any Such Communications and Documentation Would Have Been Provided to Class Counsel As a Result of the Attorney-Client Relationship, and Class Counsel is under an Ethical Duty of Confidentiality to Withhold Such Information.

5

2. *Hall v. State Farm Mut. Auto. Ins. Co.* Does Not Stand for the Proposition that Class Counsel Must Disclose Documentation Pertaining to Known Unnamed Putative Class Members Provided to Class Counsel during the Attorney/Client Relationship.

3. If the Court's Opinion Stands, it Would Effectively Expand the Scope of Rule 26.

Doc. Ent. 197 at 9-12, 12-14 & 14-15.

**a.** As to the first argument (Doc. Ent. 197 at 9-12), plaintiffs rely upon *Banner v. City of Flint*, 99 Fed.Appx. 29 (6th Cir. 2004), wherein the Court stated, "[w]hen a potential client consults with an attorney, the consultation establishes a relationship akin to that of an attorney and existing client, and the elements of the attorney-client privilege we set forth in *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998), are satisfied:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) unless the protection is waived.

*Banner*, 99 Fed.Appx. at 36.[4] "To encourage candor in the attorney-client relationship, the lawyer must maintain confidentiality of information relating to the representation." *Banner*, 99 Fed.Appx. at 36 (referencing Michigan Rules of Professional Conduct 1.6, cmt.). Plaintiffs also observe that "[i]n the context of the attorney-client privilege, documents prepared for the purpose of obtaining or rendering legal advice are protected even though the documents also

---

[4]Plaintiffs also cite *Thompson v. Karr*, No. 98-3544, 1999 WL 519297, 5 (6th Cir. July 15, 1999) ("An 'essential element as to whether an attorney-client relationship has been formed is the determination that the relationship invoked such trust and confidence in the attorney that the communication became privileged and, thus, the information exchanged was so confidential as to invoke an attorney-client privilege.'") (citing *Landis v. Hunt*, 80 Ohio App.3d 662, 669, 610 N.E.2d 554, 558 (1992)). Doc. Ent. 197 at 9-10.

reflect or include business issues." *In re OM Securities Litigation*, 226 F.R.D. 579, 587 (N.D.Ohio 2005).

Plaintiffs point out that, "[t]he [attorney-client] privilege is based on two related principles.

> The first is that loyalty forms an intrinsic part of the relationship between a lawyer and client in our adversary system. This loyalty is offended if the lawyer is subject to routine examination regarding the client's confidential disclosures. Kenneth S. Broun, et al., McCormick on Evidence § 87, at 205-06 (3rd ed.1984). The second principle is that the privilege encourages clients to make full disclosure to their lawyers. A fully informed lawyer can more effectively serve his client and promote the administration of justice. *Id*. § 87, at 205; *id*. § 89, at 212.

*Reed*, 134 F.3d at 356.

Plaintiffs contend that "class members that contacted class counsel did so as prospective clients in order to seek legal advice as a result of a possible claims they have against the Defendants." Thus, they argue, "any information these prospective clients relayed to class counsel for the purpose of gaining legal advice as the possibility of receiving a recovery against the Defendants and their potential in becoming Plaintiffs in the instant litigation." Plaintiffs contend that the *Reed* factors have been satisfied and that "[a]ll names, addresses, and documents that the prospective clients provided to class counsel were to describe their situation for the purpose of having class counsel evaluate their claims against Defendants and render the appropriate legal advice." Citing *Banner*, 99 Fed.Appx. at 29, plaintiffs contend that "[w]hether these potential clients ultimately become plaintiffs in this action is not relevant." Relying upon M.R.P.C. 1.6 and 6th Circuit case law, plaintiffs claim that "[c]lass counsel is under an ethical obligation . . . to maintain a duty of confidentiality as to all information that the potential clients at issue provided to them." It is plaintiffs' position that "[n]o exceptions exist that would work

7

to relieve class counsel of their duty of confidentiality." Plaintiffs contend that all verbal and written communications are protected by the attorney-client privilege formed in accordance with *Reed*, and counsel may not divulge information learned as a result of this relationship under Michigan Rule of Professional Conduct 1.6 and *Banner*.

**b.** As to the second argument (Doc. Ent. 197 at 12-14), the portion of *Hall* upon which my November 25, 2009 order relied concerned "Party Status in Class Action Suits." *Hall*, 215 Fed.Appx. at 426-427. Therein, the Court concluded that "under Michigan law, an unnamed member of an uncertified class is [not] a 'party' at the time an action is first filed." *Id*. at 426. "[T]he language and structure of [M.C.R. 3.501 ("Class Actions")] seem to suggest that an unnamed member of a putative class does not become a party to an action in any real sense until certification." *Id*. at 427. The Court concluded that "unnamed putative class members are not technically parties to an action prior to class certification[.]" *Id*.

According to plaintiffs, "*Hall* has nothing to do with the attorney-client privilege, and thus has nothing to do with the discovery dispute at issue in this case." It is plaintiffs' position that "*Hall* does not address the issue of whether an opposing party may gain access to documents provided by prospective clients to an attorney during, and within the scope of, the attorney-client privilege."

Plaintiffs claim that "***Hall* has absolutely nothing to do with the case at bar.**" In support of this statement, plaintiffs allege that *Hall* does not "involve the situation where a prospective client voluntarily contacts an attorney in pursuit of legal advice and thereby provides the attorney with information so that the attorney may assess the prospective client's situation and provide the appropriate counsel." Also, plaintiffs allege, *Hall* does not "deal with the

situation where an opposing attorney subsequently attempts to gain access to the information that the prospective client provided to the attorney for the sole purpose of the attorney rendering counsel to that prospective client." It is plaintiff's position that "*Hall* is inapplicable, where, as here, defendant is seeking discovery of information shared between a putative class member and class counsel for the purpose of obtaining legal advice regarding possible claims against a defendant."

**c.** As to the third argument (Doc. Ent. 197 at 14-15), plaintiffs claim that "nothing in Fed. R. Civ. P. 26(a) . . . requires class counsel to provide to opposing counsel information that is protected by the attorney-client privilege." They claim that "under this Court's Order - information provided to the attorney may be disclosed to adverse parties if formal representation did not proceed beyond the initial discussions."

**d.** Plaintiffs request that I grant their motion for reconsideration, "in favor of finding, based upon the relevant case law, that all documentation [and information] provided to class counsel by the prospective clients was within the scope of the attorney-client relationship and thus is privileged." Doc. Ent. 197 at 12, 14. Plaintiffs' request is denied.

Even if the Court's reliance upon *Hall* was misplaced, I am persuaded by the matters upon which defendant Volkswagen relied in its reply to the underlying motion when it argued that "[t]he information [it] seeks is not protected by the attorney-client privilege[.]" Doc. Ent. 175 at 7-10. First, Volkswagen cited several matters in support of its argument that "prior to certification, unnamed putative class members are not clients of the plaintiffs' law firm and that no attorney-client relationship exists between the putative class members and the plaintiffs' law firm." Doc. Ent. 175 at 8-9. *See*, *i.e.*, *In re Community Bank of Northern Virginia*, 418 F.3d

9

277, 313 (3d Cir. 2005) ("courts have recognized that class counsel do not possess a traditional attorney-client relationship with absent class members."); *Castaneda v. Burger King Corp.*, No. 08-4262, 2009 WL 2382688, 4 (N.D.Cal. July 31, 2009) ("Rule 26 disclosures are required and there is no justification for the Court to relieve Plaintiffs' counsel of their obligation to disclose contact information for putative class members as potential witnesses."); *Morisky v. Public Service Elec. and Gas Co. (""PSE&G")*, 191 F.R.D. 419, 424 (D.N.J. 2000) ("at this juncture, this is only a putative class action and not a certified class action. The employees who have filed notices seeking to join this lawsuit as class members, therefore, cannot be considered clients of the Tomar firm. . . . [O]nly the named plaintiffs are clients of the Tomar firm at this stage. . . . Therefore, Tomar cannot assert the attorney-client privilege with respect to the employees who submitted the questionnaires but are not named plaintiffs because only clients can claim this privilege."); *In re Katrina Canal Breaches Consol. Litigation*, No. 05-5531, 2008 WL 4401970, 2 (E.D. La. Sept. 22, 2008) ("the PSLC has no attorney-client relationship with putative class members that would automatically preclude Lafarge's counsel from speaking to those persons in the future. Although the PSLC "owe[s] some general fiduciary duties to unnamed putative class members, ... the existence of such a fiduciary duty does not create an inviolate attorney-client relationship with each and every member of the putative class.") (quoting *In re McKesson HBOC, Inc. Securities Litigation*, 126 F.Supp.2d 1239, 1245-46 (N.D.Cal. 2000); *In re Katrina Canal Breaches Consol. Litigation*, 2008 WL 4401970 at *3 ("Before the class has been certified by a court, the lawyer for plaintiff will represent one or more persons with whom a client-lawyer relationship clearly has been established. As to persons who are potential members of a class if it is certified, however, no client-lawyer relationship has been established. A client-lawyer

relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired. If the client has neither a consensual relationship with the lawyer nor a legal substitute for consent, there is no representation. Therefore, putative class members are not represented parties for purposes of the Model Rules prior to certification of the class and the expiration of the opt-out period.") (quoting ABA Comm. on Ethics and Prof 'l Responsibility, Formal Op. 07-445, at 3 (2007)).

Second, in support of its argument that "the information [it] seeks to compel in this motion simply is not privileged[,]" Doc. Ent. 175 at 9, defendant Volkswagen cites *Morisky*, 191 F.R.D. at 424 ("factual information conveyed to an attorney by a client is not shielded from discovery by the attorney-client privilege.") (citing *Penk v. Oregon State Board of Higher Education*, 99 F.R.D. 511, 516 (D. Ore. 1983)).

In its November 9, 2009 reply to the underlying motion, defendant Volkswagen explained that it "only seeks to compel the disclosure of the identities, contact information, and documents of all unnamed putative class members known to Plaintiffs[.]" Doc. Ent. 175 at 9-10. If there is responsive information which contains communications rather than factual information, plaintiffs may provide a privilege log in conformity with Fed. R. Civ. P. 26(b)(5)(A) or move for a protective order in accordance with Fed. R. Civ. P. 26(c).[5]

**2.     Plaintiffs Fed. R. Civ. P. 59(e) Motion is Denied.**

Plaintiffs argue, "[t]he Court must grant plaintiffs' motion for reconsideration under Fed. R. Civ. P. 59(e) in order to correct a clear error of law and to prevent manifest injustice." Doc.

---

[5]These courses of action were mentioned in defendant Volkswagen's reply brief. Doc. Ent. 175 at 9-10.

Ent. 197 at 15. However, Rule 59 governs a "[m]otion to alter or amend a *judgment*." Therefore, it would not apply to reconsideration of my November 25, 2009 discovery order.[6]

**G.     Order**

Accordingly, plaintiffs' motion for reconsideration of the Court's November 25, 2009 order pursuant to E.D. Mich. LR 7.1(g)(3) and Fed. R. Civ. P. 59(e) (Doc. Ent. 197) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated:3/11/10

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

---

[6]Perhaps this argument was meant to be based upon Fed. R. Civ. P. 60 ("Relief from a Judgment or Order"). Even if plaintiffs meant to base this request upon Fed. R. Civ. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding."), my conclusion is unchanged. *See* 28 U.S.C. § 1291 ("Final decisions of district courts"); *Mohawk Industries, Inc. v. Carpenter*, 130 S.Ct. 599, 603 (2009) ("disclosure orders adverse to the attorney-client privilege [do not] qualify for immediate appeal under the collateral order doctrine. . . . Postjudgment appeals, together with other review mechanisms, suffice to protect the rights of litigants and preserve the vitality of the attorney-client privilege."); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 815 (5th Cir. 2004) ("In general, discovery orders do not constitute final decisions under Section 1291 and are not immediately appealable."); *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227 (10th Cir. 2001) ("Discovery orders generally are interlocutory and not immediately appealable."); *Hudak v. Curators of University of Missouri*, 586 F.2d 105, 106 (8th Cir. 1978) ("The latter two rulings relate to conduct of the trial and to discovery matters, and as such are not appealable as final decisions under 28 U.S.C. § 1291."). *See also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000) ("without some indication that the district court considered and ruled on the Appellant's objections, we are without subject-matter jurisdiction over the magistrate judge's order[,]" but concluding that subject matter jurisdiction over the discovery order existed, in part because "the decision to deny additional discovery (*i.e.*, allow the magistrate's order to stand) arguably led up to that final judgment.").

13

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 11, 2010.
>
>       <u>s/Eddrey Butts</u>
>       Case Manager