UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: OnStar Contract Litigation                     Case No. 2:07-MDL-01867

                                                      Honorable Sean F. Cox

_____/

**ORDER DENYING
ONSTAR'S MOTION FOR RECONSIDERATION (DOCKET ENTRY NO. 309)**

In December of 2009, the parties filed briefs regarding choice-of-law determinations in this action. The Court heard oral argument regarding choice-of-law determinations on March 30, 2010. Shortly after that hearing, however, the United States Supreme Court issued *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co*, 130 S.Ct. 1431 (2010). The Court allowed the parties to file supplemental briefs following *Shady Grove*.

On August 25, 2010, after that supplemental briefing had concluded, this Court issued its Opinion on Choice of Law Determinations. (Docket Entry No. 250). Among the Court's various rulings, this Court ruled that "[h]aving reviewed *Shady Grove*, and the parties' supplemental briefs, the Court concludes that the MCPA's limitation on class actions conflicts with Rule 23 of the Federal Rules of Civil Procedure and therefore does not prevent non-residents from pursuing class-action claims under the MCPA in this action." (*Id*. at 8).

On November 8, 2010, Plaintiffs filed their motions for class certification. (Docket Entry Nos. 260, 261, 262, 263 & 264).

On February 18, 2011, OnStar filed the instant Motion for Reconsideration. (Docket Entry No. 309). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

For the reasons below, the Court concludes that OnStar's Motion for Reconsideration must be denied.

First, Plaintiffs' Motion for reconsideration is untimely. Local Rule 7.1(h) governs motions for rehearing or reconsideration and provides that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." L.R. 7.1(h). Here, OnStar filed its motion for reconsideration on February 18, 2011 – approximately *six months* after this Court issued its Opinion regarding choice-of-law determinations, and approximately three months after Plaintiffs filed their motion for class certification as to OnStar.

Second, even if the motion had been timely filed, OnStar has not demonstrated a palpable defect by which the Court and the parties have been misled. OnStar filed its Motion for Reconsideration asking this Court to "reconsider its decision regarding the enforceability of the MCPA class action restriction in the MCPA," (Docket Entry No. 309 at 13). OnStar asks this Court to reconsider its decision in light of various decisions involving *Shady Grove* that have been issued after this Court's August 25, 2010 Opinion on Choice of Law Determinations. Notably, none of those decisions involve the MCPA and none of them are binding upon this Court. OnStar argues, as it did in its supplemental brief filed prior to this Court's ruling, that the MCPA's restrictions are enforceable despite *Shady Grove*. A motion for reconsideration,

however, "is not properly used as a vehicle to re-hash old arguments." *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) (Courts should not reconsider prior decision where the motion for reconsideration renews arguments already considered.); L.R. 7.1(h)(3) (the court will not grant motions for reconsideration "that merely present the same issues ruled upon by the court.").

Accordingly, IT IS ORDERED that OnStar's Motion for Reconsideration is DENIED.

                                              S/Sean F. Cox  
                                              Sean F. Cox  
                                              United States District Judge

Dated: December 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2011, by electronic and/or ordinary mail.

                                              S/Jennifer Hernandez  
                                              Case Manager